## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01252-RBJ

WELLONS, INC., an Oregon corporation,

        Plaintiff,

*vs*.

EAGLE VALLEY CLEAN ENERGY, LLC, a Utah limited liability company;
EVERGREEN CLEAN ENERGY CORPORATION, a Colorado corporation;
CLEARWATER VENTURES, LLC, a Utah limited liability company;
UNITED STATES OF AMERICA RURAL UTILITIES SERVICE;
DEAN L. ROSTROM, individually;
KENDRIC B. WAIT, individually;
GEORGE SORENSON, individually;
WILCOX REVOCABLE TRUST; and
SOUTH SEA ENTERPRISES, LLC;

        Defendants.

---

## ANSWER AND COUNTERCLAIM OF
## DEFENDANTS EAGLE VALLEY CLEAN ENERGY, LLC
## AND EVERGREEN CLEAN ENERGY CORPORATION

---

Defendants Eagle Valley Clean Energy, LLC ("***EVCE***") and Evergreen Clean Energy Corporation ("***ECEC***," and, together with EVCE, "***These Defendants***"), by and through their counsel of record, hereby answer Plaintiff Wellons, Inc.'s ("***Plaintiff***" or "***Wellons***") Complaint (the "***Complaint***") and assert the following Counterclaim.

## ANSWER

These Defendants respond to each of the numbered paragraphs of the Complaint as follows:

1.      These Defendants lack sufficient information and knowledge as to the truth of the allegations set forth in paragraph 1 of the Complaint and therefore deny the same.

2.      Admitted.

3.      Admitted.

4.      The matters alleged in paragraph 4 of the Complaint do not contain allegations against These Defendants and, therefore, no response is required; however, to the extent a response is required, These Defendants admit the allegations contained therein.

5.      The matters alleged in paragraph 5 of the Complaint do not contain allegations against These Defendants and, therefore, no response is required; however, to the extent a response is required, These Defendants lack sufficient information and knowledge as to the truth of the allegations set forth therein and therefore deny the same.

6.      The matters alleged in paragraph 6 of the Complaint do not contain allegations against These Defendants and, therefore, no response is required; however, to the extent a response is required, These Defendants admit the allegations contained therein.

7.      The matters alleged in paragraph 7 of the Complaint do not contain allegations against These Defendants and, therefore, no response is required; however, to the extent a response is required, These Defendants deny the allegations set forth in paragraph 7 of the Complaint.

8.      The matters alleged in paragraph 8 of the Complaint do not contain allegations against These Defendants and, therefore, no response is required; however, to the extent a response is required, These Defendants deny the allegations contained therein.

9.      The matters alleged in paragraph 9 of the Complaint do not contain allegations against These Defendants and, therefore, no response is required; however, to the extent a response is required, These Defendants deny the allegations contained therein.

10.     The matters alleged in paragraph 10 of the Complaint do not contain allegations against These Defendants and, therefore, no response is required; however, to the extent a response is required, These Defendants deny the allegations contained therein.

11.     These Defendants lack sufficient information and knowledge as to the truth of the allegations set forth in paragraph 11 of the Complaint and therefore deny the same.

12.     These Defendants lack sufficient information and knowledge as to the truth of the allegations set forth in paragraph 12 of the Complaint and therefore deny the same.

13.     The matters alleged in paragraph 13 of the Complaint are statements of claim or conclusions of law to which no response is required; however, to the extent a response is required, These Defendants admit only that:  in or about December 2011, EVCE and Plaintiff entered into an agreement under which Plaintiff agreed, among other things, to design and construct the subject project utilizing a full wrap, turn-key construction delivery system; Plaintiff agreed to be fully responsible for designing, engineering, constructing and commissioning the project in accordance with certain design specifications and performance criteria; and the agreement was memorialized by a document titled "Amended and Restated Engineer, Procure, and Construct Contract" dated as of December 21, 2011.

14.     The matters alleged in paragraph 14 of the Complaint are statements of claim or conclusions of law to which no response is required; however, to the extent a response is required, These Defendants admit only that:  in or about December 2011, EVCE and Plaintiff

entered into an agreement under which Plaintiff agreed, among other things, to design and construct the subject project utilizing a full wrap, turn-key construction delivery system; Plaintiff agreed to be fully responsible for designing, engineering, constructing and commissioning the project in accordance with certain design specifications and performance criteria; and the agreement was memorialized by a document titled "Amended and Restated Engineer, Procure, and Construct Contract" dated as of December 21, 2011.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     These Defendants re-allege their responses to the preceding paragraphs as if fully set forth herein.

23.     The matters alleged in paragraph 23 of the Complaint are statements of claim or conclusions of law to which no response is required; however, to the extent a response is required, These Defendants lack sufficient information and knowledge as to the truth of the allegations set forth therein and therefore deny the same.

24.     Denied.

25.     Denied.

26.     These Defendants re-allege their responses to the preceding paragraphs as if fully set forth herein.

27.     Denied.

28.     Denied.

29.     These Defendants re-allege their responses to the preceding paragraphs as if fully set forth herein.

30.     These Defendants lack sufficient information and knowledge as to the truth of the allegations set forth in paragraph 30 of the Complaint and therefore deny the same.

31.     These Defendants admit only that Plaintiff provided some labor and materials for the construction of a project upon the referenced real property.  These Defendants deny Plaintiff's allegation that Plaintiff continues to provide labor and materials at the referenced real property.

32.     These Defendants lack sufficient information and knowledge as to the truth of the allegations set forth in paragraph 32 of the Complaint  and therefore deny the same.

33.     These Defendants lack sufficient information and knowledge as to the truth of the allegations set forth in paragraph 33 of the Complaint and therefore deny the same.

34.     These Defendants lack sufficient information and knowledge as to the truth of the allegations set forth in paragraph 34 of the Complaint and therefore deny the same.

35.     These Defendants lack sufficient information and knowledge as to the truth of the allegations set forth in paragraph 35 of the Complaint and therefore deny the same.

36.     These Defendants lack sufficient information and knowledge as to the truth of the allegations set forth in paragraph 36 of the Complaint and therefore deny the same.

37.     These Defendants lack sufficient information and knowledge as to the truth of the allegations set forth in paragraph 37 of the Complaint and therefore deny the same.

38.     The matters alleged in paragraph 38 of the Complaint do not contain allegations against These Defendants and, therefore, no response is required; however, to the extent a response is required, These Defendants lack sufficient information and knowledge as to the truth of the allegations set forth therein and therefore deny the same.

39.     Denied.

40.     Denied.

41.     Denied.

42.     These Defendants re-allege their responses to the preceding paragraphs as if fully set forth herein.

43.     These Defendants admit that Plaintiff, at EVCE's request, provided some labor, materials, and services for the construction of a project upon the referenced real property, but These Defendants deny the remaining allegations set forth in paragraph 43 of the Complaint.

44.     Denied.

45.     Denied.

46.     Denied.

47-67.   These Defendants respond to paragraphs 47 through 67 of the Complaint, comprising Plaintiff's Fifth and Sixth Claims for Relief, by asserting their "Motion to Dismiss Fifth and Sixth Claims for Relief," which These Defendants filed with the Court and served on Plaintiff's counsel on the same date as this Answer and Counterclaim.

These Defendants further deny all allegations within the Complaint that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

These Defendants assert the following affirmative defenses to the Complaint and claims asserted therein:

### FIRST DEFENSE

The Complaint fails to state a claim against These Defendants for which relief can be granted.

### SECOND DEFENSE

These Defendants deny that Plaintiff is entitled to the relief requested in its Prayer(s) for Relief.

### THIRD DEFENSE

Plaintiff has failed to mitigate the damages it alleges it has incurred.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, release, payment, accord and satisfaction, consent, unclean hands and laches.

### FIFTH DEFENSE

Recovery from These Defendants would result in a windfall to, and an unjust enrichment of, Plaintiff.

### SIXTH DEFENSE

Plaintiff's claims are barred by the statute of frauds and the applicable statute(s) of limitations.

## SEVENTH DEFENSE

Plaintiff's claims against These Defendants are barred because of Plaintiff's failure to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

## EIGHTH DEFENSE

Plaintiff's claims are barred because of its own breaches of agreements with These Defendants.

## NINTH DEFENSE

Plaintiff's claims are subject to offset for damages incurred by These Defendants as a result of Plaintiff's breaches of agreements.

## TENTH DEFENSE

Plaintiff's claims are barred because subject matter jurisdiction, personal jurisdiction and venue are improper.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because they are subject to a mandatory arbitration agreement.

## TWELFTH DEFENSE

Plaintiff's mechanic's lien claim is barred because Plaintiff failed to comply with all of the requirements of Colorado's Mechanics Lien Statute, C.R.S. § 38-22-101, *et seq*.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because of its failure to comply with contractual notice provisions.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred because it committed the first uncured, material breaches of the agreements at issue in this action.

## FIFTEENTH DEFENSE

Plaintiff's damages, if any, must be reduced by the amount of any and all payments received from collateral sources.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because not all conditions precedent for the maintenance of this action have been met.

## SEVENTEENTH DEFENSE

Some or all of Plaintiff's claims are wholly without merit, frivolous, not brought in good faith, and brought solely to harass and embarrass These Defendants.

## EIGHTEENTH DEFENSE

The alleged claims in the Complaint are barred because at all relevant times, Plaintiff was duly notified of the facts and condoned and ratified each and every matter it now alleges as a wrong in its Complaint.

## NINETEENTH DEFENSE

These Defendants reserve the right to assert such additional defenses and/or affirmative defenses that may become apparent by conducting discovery or through the natural progression of this case.

WHEREFORE, These Defendants pray: that Plaintiff's Complaint and all claims asserted therein be dismissed with prejudice and upon the merits; that Plaintiff take nothing thereby; that

These Defendants be awarded their attorneys' fees and costs incurred in defense of this action; and for such other relief as this Court deems necessary, just and proper under the circumstances.

## COUNTERCLAIM

Defendants Eagle Valley Clean Energy, LLC ("*EVCE*") and Evergreen Clean Energy Corporation ("*ECEC*," and, together with EVCE, "*Counterclaimants*"), by and through their counsel of record, hereby counterclaim against Wellons, Inc. ("*Wellons*") as follows:

## DESCRIPTION OF THE PARTIES

1.      EVCE is, and was at all times relevant hereto, a duly organized Utah limited liability company in good standing with the State of Colorado.  EVCE has on-going business operations located in the State of Colorado; its principal place of business is located at 4626 North 300 West, Provo, Utah 84604.

2.      ECEC is, and was at all times relevant hereto, a duly organized Colorado corporation in good standing with the State of Colorado.  ECEC has on-going business operations located in the State of Colorado; its principal place of business is located at 4626 North 300 West, Provo, Utah 84604.

3.      Upon information and belief, Wellons is an Oregon corporation with its principal place of business located at 2525 W. Firestone Lane, Vancouver, WA 98660.

## JURISCTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000 and there is complete diversity of citizenship.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the claims at issue in this action occurred in this district.

## GENERAL ALLEGATIONS

6.      This dispute arises from the development, design and construction of a wood-fired, steam-powered electrical generation plant located in Gypsum, Colorado (the "*Project*").

7.      EVCE is the owner and operator of the Project.

8.      ECEC is EVCE's parent company.

9.      Wellons holds itself out to the public as a firm that is competent to provide professional services in connection with the engineering, manufacturing and construction of wood-fired, steam powered electrical generation facilities.

10.     In or about December 2011, EVCE and Wellons entered into an agreement (the "*Agreement*") under which Wellons agreed, among other things, to design and construct the Project utilizing a full wrap, turn-key construction delivery system and to be fully responsible for designing, engineering, constructing and commissioning the Project in accordance with certain design specifications and performance criteria.

11.     The Agreement was memorialized by a document titled "Amended and Restated Engineer, Procure, and Construct Contract" dated as of December 21, 2011 (the "*EPC Contract*").

12.     Wellons agreed and warranted that its engineering and construction services would be performed in accordance with the EPC Contract and prevailing industry standards.

13.     Wellons also agreed to indemnify EVCE from any and all categories of damages and losses incurred to the extent and as a result of Wellons' failure to perform all of its obligations under the EPC.

14.     As part of the overall transaction to finance, develop and construct the Project, the Counterclaimants and Wellons, along with Deutsche Bank Trust Company ("***Deutsche Bank***"), entered into a "Capital Contribution Agreement" dated as of August 8, 2013 (the "***CCA***").

15.     Pursuant to the terms of the CCA, the agreed-upon contract price for the Project was $28,000,000.

16.     Also, as part of the overall transaction to finance, develop and construct the Project, EVCE, Wellons and Deutsche Bank entered into a "Consent and Agreement" dated as of August 8, 2013 (the "***Consent***").

17.     On or about March 12, 2014, Wellons, through its president, Martin Nye ("***Nye***") agreed to purchase a 19% equity interest in EVCE for consideration of $3,382,000 (the "***Equity Purchase Agreement***").

18.     However, on or about June 2, 2014, Nye informed EVCE that Wellons refused to purchase EVCE equity.

19.     Wellons commenced initial startup operations for the Project in December 2013.

20.     On December 25, 2013, EVCE certified achievement of "Substantial Completion" of the Project.

21.     Very soon thereafter, EVCE discovered several significant defects and deficiencies in the Project and damage to other property.

22.     EVCE also discovered that the Project failed to meet the performance specifications required by the EPC Contract and prevailing industry standards.

23.     After discovering the damages and deficiencies, EVCE consulted with professional engineering firms Carlson Small Power Consultants ("**Carlson**") and Evergreen Engineering, Inc. ("**Evergreen Engineering**," and, together with Carlson, the "**Consultants**") to assess the defects and deficiencies and to discuss appropriate remediation measures.

24.     The Consultants prepared reports identifying and detailing the Project's significant defects, deficiencies and design flaws.

25.     EVCE immediately advised Wellons of the defects, damages and design flaws that EVCE and the Consultants identified and, pursuant to the EPC Contract, delivered "Punch Lists" to Wellons listing the problems and demanding corrections.

26.     The EPC Contract requires Wellons to correct defects and complete Punch List items in a timely manner and to reach "Final Completion" not later than three months after "Substantial Completion," which occurred on December 25, 2013.

27.     Wellons continues to refuse to repair the defects and correct the extensive Punch List items, many of which are material to the safe and efficient operation of the Project.

28.     Wellons also failed to achieve Final Completion by the March 25, 2014 deadline and, even now, it has no apparent schedule or plan in place for achieving Final Completion.

29.     Wellons previously acknowledged its responsibility to correct the deficiencies, but it now takes the position that the Project works perfectly well and that Wellons therefore is not obligated to correct the defects.

30.     Notwithstanding EVCE's many demands that Wellons perform as required under the specifications of the EPC Contract and industry standards, which are material to the safe and economic operation of the Project, Wellons has failed and refused to correct its defective design and construction work, complete the Punch List items, and achieve Final Completion of the Project.

31.     On December 13, 2014, a catastrophic fire (the "**Fire**") broke out on a conveyor to the Project's 80-foot fuel storage silos.

32.     The Fire destroyed portions of the Project's fuel delivery system and rendered the Project nonoperational for a significant period of time.

33.     Upon information and belief, the Fire resulted from Wellons' negligent, unsafe and improper design of multiple aspects of the Project's fuel delivery system, including several of the issues that EVCE long demanded Wellons to repair.

34.     As a result of Wellons' negligence and breaches of its various agreements with Counterclaimants, including its failure to properly design and construct the Project, Counterclaimants have incurred significant monetary damages, damage to other property and lose of use of the Project and other property.

35.     Counterclaimants' damages consist of at least ten general categories:  (1) damages resulting from Wellons' failure to design and construct the boiler system to achieve the EPC Contract-required steam criteria; (2) damages resulting from Wellons' failure to design and construct the fuel delivery system to achieve the EPC Contract-required criteria; (3) damages resulting from the Fire; (4) damages resulting from Wellons' failure to install a demineralization water treatment system; (5) damages resulting from Wellons' deficient design of the grate water

pumps system; (6) damages resulting from Wellons' failure to install a Continuous Emissions

Monitoring System; (7) damages resulting from Wellons' failure to timely achieve "Final

Completion;" (8) damages resulting from Wellons' failure to repair defective work; (9) damages

resulting from Wellons' failure to provide commissioning services and to supervise operations

and maintenance; and (10) damages resulting from Wellons' failure to complete an agreement to

purchase equity from EVCE.

36.     The amount of the damages Counterclaimants have incurred as a result of

Wellons' breaches of agreements, negligence and failure to properly design and construct the

Project currently exceed $19,173,288, together with on-going interest, costs and attorneys' fees.

37.     To date, Wellons has failed and refused to pay Counterclaimants for the damages

Counterclaimants have incurred.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Wellons – EPC Contract)

38.     Counterclaimants hereby incorporate by reference the allegations set forth above

in the preceding paragraphs as if fully set forth herein.

39.     The EPC Contract constitutes a valid and enforceable contract under which

Wellons agreed to, among other things, timely achieve Final Completion; provide warranty-

related services; provide commissioning services; indemnify EVCE from damages and losses;

and design and construct the Project in a workmanlike manner, free of defects, in accordance

with prevailing industry standards, and pursuant to the specifications and performance criteria

established by the EPC Contract.

40.     Counterclaimants satisfied all of their obligations under the EPC Contract including, without limitation, all notice, payment and mitigation obligations.

41.     Wellons, on the other hand, materially breached the EPC Contract by, among other things, failing to timely achieve Final Completion; failing to repair defective design services and construction work; failing to provide commissioning services; failing to indemnify EVCE from damages and losses; and failing to design and construct the Project in a workmanlike manner, free of defects, in accordance with prevailing industry standards, and pursuant to the specifications and performance criteria established by the EPC Contract.

42.     As a direct and proximate result of Wellons' breaches of the EPC Contract, Counterclaimants have incurred, and continue to incur, significant damages including, but not limited to, damage to other property, business interruption damages and monetary losses in an amount to be proven at the trial of this matter.

43.     Counterclaimants are therefore entitled to judgment against Wellons as set forth below in paragraph 1 of the Prayer for Relief.

### SECOND CAUSE OF ACTION

**(Breach of Contract Against Wellons – Liquidated Damages Under the Consent)**

44.     Counterclaimants hereby incorporate by reference the allegations set forth above in the preceding paragraphs as if fully set forth herein.

45.     The Consent constitutes a valid and enforceable contract under which Wellons agreed to, among other things, pay liquidated damages of $7,500.00 for each day that "Final Completion" is delayed after March 31, 2014 through June 30, 2014 and escalating to $15,000.00 for each day after June 30, 2014 until Final Completion is achieved.

46.     In executing the Consent, Wellons agreed that the liquidated damages contemplated therein were "a good faith and reasonable estimate of the damages and loss [EVCE] would suffer in the event Wellons fails to achieve Final Completion by the Delay Liquidated Damages Date."

47.     Counterclaimants satisfied all of their obligations under the Consent including, without limitation, all notice, payment and mitigation obligations.

48.     Wellons, on the other hand, materially breached the Consent by, among other things, failing to timely achieve Final Completion.

49.     As a direct and proximate result of Wellons' breaches of the Consent, Counterclaimants have incurred, and continue to incur, significant liquidated damages in an amount to be proven at the trial of this matter.

50.     Counterclaimants are therefore entitled to judgment against Wellons as set forth below in paragraph 2 of the Prayer for Relief.

**THIRD CAUSE OF ACTION**

**(Breach of Contract Against Wellons – Equity Purchase Agreement)**

51.     Counterclaimants hereby incorporate by reference the allegations set forth above in the preceding paragraphs as if fully set forth herein.

52.     The Equity Purchase Agreement constitutes a valid and enforceable contract under which Wellons agreed to purchase a 19% equity interest in EVCE for consideration of $3,382,000.

53.     Counterclaimants satisfied all of their obligations under the Equity Purchase Agreement.

54.     Wellons, on the other hand, materially breached the Equity Purchase Agreement on June 2, 2014 when Nye informed EVCE that Wellons refused to purchase the equity interest.

55.     As a direct and proximate result of Wellons' breaches of the Equity Purchase Agreement, Counterclaimants have incurred, and continue to incur, significant damages in an amount to be proven at the trial of this matter.

56.     Counterclaimants are therefore entitled to judgment against Wellons as set forth below in paragraph 3 of the Prayer for Relief.

## FOURTH CAUSE OF ACTION

### (Promissory Estoppel – Equity Purchase Agreement)

57.     Counterclaimants hereby incorporate by reference the allegations set forth above in the preceding paragraphs as if fully set forth herein.

58.     Wellons should have reasonably expected that the promises it made in connection with the Equity Purchase Agreement would induce action or forbearance of a definite and substantial character on the part of EVCE.

59.     EVCE reasonably relied on Wellons' promises to EVCE's detriment.

60.     Wellons' promises induced action or forbearance by EVCE.

61.     Notwithstanding its promises, on or about June 2, 2014, Wellons, through Nye, refused to purchase EVCE equity after EVCE had relied on Wellons' promise to its detriment.

62.     Wellons' promise to purchase a 19% equity interest in EVCE for consideration of $3,382,000 must be enforced to prevent injustice.

63.     Counterclaimants are therefore entitled to judgment against Wellons as set forth below in paragraph 4 of the Prayer for Relief.

18

## FIFTH CAUSE OF ACTION

### (Negligence)

64.     Counterclaimants hereby incorporate by reference the allegations set forth above in the preceding paragraphs as if fully set forth herein.

65.     Wellons holds itself out to the public as a firm that is competent to provide professional services in connection with the engineering, manufacturing and construction of wood-fired, steam powered electrical generation facilities.

66.     Counterclaimants retained Wellons' services in connection with the design and construction of the Project based upon Wellons' representations that it was competent to properly design and construct the Project.

67.     Wellons owed a duty to Counterclaimants to ensure that the engineering, manufacturing and construction services it provided for the construction of the Project were consistent with and within the standard of care applicable to Wellons' profession and industry, and that the services, labor, materials and equipment it furnished for the Project were free from material defects and usable for their intended purposes.

68.     Wellons breached its duties to Counterclaimants by failing to ensure that the engineering, manufacturing and construction services it provided for the construction of the Project were consistent with and within the standard of care applicable to Wellons' profession and industry.

69.     Wellons also breached its duties to Counterclaimants by failing to ensure that the services, labor, material and equipment it furnished for the Project were free from materials defects and usable for their intended purposes.

70.     As a direct and proximate result of Wellons' negligence, Counterclaimants have incurred, and continue to incur, significant damages, including, but not limited to, damage to other property, business interruption damages and monetary losses in an amount to be proven at the trial of this matter.

71.     Counterclaimants are therefore entitled to judgment against Wellons as set forth below in paragraph 5 of the Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants pray for judgment against Wellons as follows:

1.      On the First Cause of Action, asserting a claim against Wellons for breaching the EPC Contract, for general, compensatory and consequential damages in an amount to be proven at trial, but which amount is expected to exceed $19,173,288, together with interest, costs and attorneys' fees.

2.      On the Second Cause of Action, asserting a claim against Wellons for breaching the Consent, for liquidated damages in an amount to be proven at trial.

3.      On the Third Cause of Action, asserting a claim against Wellons for breaching the Equity Purchase Agreement, for compensatory and consequential damages in an amount to be proven at trial, or, in the alternative, for an Order of specific performance requiring Wellons to purchase a 19% equity interest in EVCE for consideration of $3,382,000.

4.      On the Fourth Cause of Action, asserting a claim against Wellons for promissory estoppel, for an Order of specific performance requiring Wellons to purchase a 19% equity interest in EVCE for consideration of $3,382,000.

5.      On the Fifth Cause of Action, asserting a claim against Wellons for negligence, for general, compensatory and consequential damages in an amount to be proven at trial.

6.      For an award of all attorneys' fees and costs allowable by the parties' contracts or by law.

7.      For such other and further relief as the Court deems just, proper and equitable under the circumstances.

## <u>NOTICE OF INTENT TO RELY ON JURY DEMAND</u>

Counterclaimants hereby provide notice of their intent to rely on the jury demand previously made in this case by Wellons.

DATED this 14th day of August, 2015.

By:       /s/ Ryan B. Braithwaite

Barry N. Johnson
Ryan B. Braithwaite
BENNETT TUELLER JOHNSON & DEERE, LLC
Millrock Park West Building
3165 East Millrock Drive, Suite 500
Salt Lake City, Utah 84121
Telephone: (801) 438-2000
Facsimile: (801) 438-2050
Email: bjohnson@btjd.com; rbraithwaite@btjd.com

Sarah J. Baker, #32806
SARAH J. BAKER PC
Post Office Box 425
Edwards, Colorado  81632
Telephone:  (970) 331-0799
Facsimile:  (866) 597-4823
Email:  sbaker@sbakerpc.com

*Attorneys for Defendants Eagle Valley Clean Energy, LLC and Evergreen Clean Energy Corporation*

### CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2015, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following counsel of record to be served by electronic means:

Stephen G. Leatham
HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.
211 E. McLoughlin Blvd., Suite 100
Vancouver, WA 98663
Email: sgl@hpl-law.com
    *Attorneys for Plaintiff Wellons, Inc.*

Tracy H. Fowler
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah  84101
Email:  tfowler@swlaw.com
    *Attorneys for Plaintiff Wellons, Inc.*

By: _____ /s/ Ryan B. Braithwaite