**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-01252-RBJ

WELLONS, INC., an Oregon corporation,

        Plaintiff,

*vs.*

EAGLE VALLEY CLEAN ENERGY, LLC, a Utah limited liability company;
EVERGREEN CLEAN ENERGY CORPORATION, a Colorado corporation;
CLEARWATER VENTURES, LLC, a Utah limited liability company;
UNITED STATES OF AMERICA RURAL UTILITIES SERVICE;
DEAN L. ROSTROM, individually;
KENDRIC B. WAIT, individually;
GEORGE SORENSON, individually;
WILCOX REVOCABLE TRUST; and
SOUTH SEA ENTERPRISES, LLC;

        Defendants.

---

**DEFENDANT CLEARWATER VENTURES, LLC'S MOTION TO DISMISS**

---

Defendant Clearwater Ventures, LLC ("***Clearwater***") by and through its counsel of record and pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 12(d), submits this Motion to Dismiss (the "***Motion***") Plaintiff's Third Claim for Relief—its only claim for relief against Clearwater—for Foreclosure of Mechanic's Lien. As more fully set forth below, the Court should grant the Motion because Plaintiff Wellons, Inc. ("***Plaintiff***") has failed to satisfy the statutory prerequisites necessary to perfect a mechanic's lien.

**STATEMENT OF COMPLIANCE WITH DUTY TO CONFER**

D.C. Colo. LCivR. 7.1(b) exempts this Motion pursuant to Fed. R. Civ. P. 12 from the Duty to Confer.

**INTRODUCTION**

Clearwater brings this motion to dismiss Plaintiff's mechanic's lien claim because Plaintiff did not timely perfect that claim.  Because Plaintiff failed to timely perfect its mechanic's lien claim, this Court now lacks subject matter jurisdiction over that claim and dismissal is appropriate under Fed. R. Civ. P. 12(b)(1).  Alternatively, if the Court determines that it does have subject matter jurisdiction over Plaintiff's mechanic's lien claim, the Court should still dismiss the claim under Rule 12(b)(6) or, more appropriately, Rules 12(d) and 56 because Clearwater's Motion necessarily presents matters outside the pleadings.

Plaintiff's claim for Foreclosure of Mechanic's Lien depends entirely on Plaintiff's compliance with the requirements of Colorado's General Mechanics Lien Statute, C.R.S. §38-22-101 *et seq*.  (the "**Mechanic's Lien Statute**").  To maintain a mechanic's lien claim against Clearwater's property (the "**Property**"), Plaintiff must have provided labor or material to the Property on or after December 12, 2014—the date that is six months before the filing of Plaintiff's Complaint.  In paragraph 31 of the Complaint, Plaintiff falsely represents to the Court that Plaintiff "continues to provide labor and materials at the Property."  In fact, Plaintiff has not provided any substantive labor or material to the Property since December 25, 2013. Accordingly, and for the reasons set forth below, Plaintiff's mechanic's lien foreclosure claim cannot survive and should be dismissed.

**FACTS ALLEGED IN COMPLAINT**

1.      Plaintiff alleges that it "provided labor and materials at the Property for the construction of the Project improvements at the Property."  Compl. ¶ 31. Plaintiff further alleges that it "continues to provide labor and materials at the Property." *Id.*

2

2. Plaintiff asserts that it sent the Notice of Intent to File a Lien Statement and a copy of the proposed Statement of Lien to Eagle Valley Clean Energy, LLC ("***EVCE***") and Clearwater on October 9, 2014, *id.* ¶ 33, and filed its lien with the Clerk and Recorder of Eagle County, Colorado under Reception No. 20147905 on October 20, 2014. *Id.* ¶ 36.

3. Plaintiff also alleges that it filed an Amended Lien Statement with the Recorder of Eagle County, Colorado under Reception No. 201421615 on December 16, 2014." *Id.* ¶ 37

4. Finally, the Complaint includes conclusory language stating, "The Amended Lien is a valid mechanic's lien upon the Property[,]" *id.* ¶ 40, and that "Plaintiff is entitled to foreclose on the Amended Lien to enforce its judgment against [EVCE] in this action." *Id.* ¶ 41.

## CLEARWATER'S STATEMENT OF FACTS

1. Plaintiff agreed to engineer and construct the project at the center of this dispute (the "***Project***") for EVCE, the owner of the Project, pursuant to the terms of an agreement dated as of December 21, 2011 (the "***Agreement***"). *See* Affidavit of Dean Rostrom at ¶ 3, a true and correct copy of which is attached hereto as Exhibit A.

2. In the Agreement, Plaintiff and EVCE defined the term "Substantial Completion" as:

> achieving to the satisfaction of [EVCE] in its commercially reasonable discretion: (1) successful breaker closure indicating synchronization of the turbine-generator with the grid; (2) completion in all material respects of all events shown on line items 1 through (and including) 125 listed on Schedule #2 (Project Schedule) attached hereto; and (3) demonstrated ability of the facility to operate in a manner which is deemed safe, reliable and consistent with the performance requirements of this Contract.

*See* Exhibit A at ¶ 4.

3. After Plaintiff notified EVCE that Plaintiff had achieved "Substantial Completion" of the Project, EVCE certified achievement of "Substantial Completion" on December 25, 2013.  *See* Exhibit A at ¶ 5.

4. In June 2014, Martin Nye ("***Nye***"), Plaintiff's president, advised Dean Rostrom ("***Rostrom***") of EVCE that Plaintiff considered that construction was complete, and that only "nuisance items" remained.  In Email correspondence to Rostrom dated June 27, 2014, Nye wrote:

> I will be reviewing the punch list items and expediting resolution to any issues that are Wellons responsibility. It appears that **many on the list are more nuisance items** rather than ones of the very serious nature you try to express. None the less, I will see that you receive a response to the status of each and every item on the list. I completely disagree with you regarding final completion. We clearly met the final completion requirements at the end of the thirty day capacity test.

*See* Exhibit A at ¶ 7 (emphasis added).

5. On October 27, 2014, Nye reiterated this position in a letter to Rostrom in which Nye wrote, among other things:

> Wellons had successfully completed its obligations as set forth in Section XI(E)(3), and the parties have conducted themselves in recognition of that fact for months.  As [EVCE] recognizes, the plant has been in operation for months as well.  **All that remains are a few minor punch list items.**

*See* Exhibit A at ¶ 8 (emphasis added).

6. Plaintiff maintained a presence at the Project through April 2014.  However, from May 2014 through June 2014, only one of Plaintiff's employees—Sam Wright—maintained a presence at the Project.  In early July 2014, Sam Wright demobilized and left the Project.  *See* Affidavit of Carl Meyer, a true and correct copy of which is attached hereto as Exhibit B at ¶ 5.

7. The table below identifies all of the dates on which Plaintiff was present at the Project after July 2014 and describes the repairs and trivial work Plaintiff provided after that date:

| Date | Labor, Materials and/or Services |
|---|---|
| August 6, 2014 | Martin Nye, Ken Kinsley, Randy Paterson and Jurgen Daub were at the Facility for purposes of a Facility tour and to discuss the punch list |
| August 29, 2014 | Sam Wright was at the construction project to replace relief valves and do hydro-static testing |
| October 18, 2014 | Sam Wright and another technician were at the construction project to weld a leak on the super heater line to the mud drum, replace the supply auger #2 gear box, replace the seat on the attemperator valve, to weld the steam leak on the steam trap for the gland steam pressure control valve, to repair both economizer rotary valves and to replace rotary valves 2, 3 and 7 |
| October 25, 2014 | Pete was at the construction project to again replace the gasket on the attemperator valve |
| January 30 – February 2, 2015 | Sam Wright repaired boiler feedwater pipe and diffuser channel alignment |

*See* Exhibit B at ¶ 6.

7. Plaintiff commenced this action on June 12, 2015 by filing the Complaint with the Court. *See* Docket No. 1.

8. Plaintiff recorded its Notice of Lis Pendens with the Clerk and Recorder of Eagle County, Colorado on June 18, 2015. *See* "Notice re Commencement of Lien Enforcement Action," a true and correct copy of the notice bearing the recording information is attached hereto as Exhibit C.

## ARGUMENT

I. **THIS MOTION IS PROPERLY BEFORE THE COURT AS A MOTION TO DISMISS UNDER RULE 12(b)(1) BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S MECHANIC'S LIEN FORECLOSURE CLAIM.**

Under Fed. R. Civ. P. 12(b)(1), a Court should dismiss a claim where the Court lacks jurisdiction over the subject matter of the claim. Rule 12(b)(1) motions differ from Rule 12(b)(6) motions in that in considering a Rule 12(b)(1) motion constituting a factual attack on the jurisdictional allegations of the complaint, such as this Motion, "the trial court may receive any competent evidence pertaining to the motion." *Trinity Broadcasting of Denver v. Westminster*, 848 P.2d 916, 924 (Colo. 1993) (citing 2A James W. Moore & Jo Desha Lucas, *Moore's Federal Practice* ¶ 12.07[2.-1] at 12-47 (2d ed. 1992)). That is, a court may consider evidence without converting the motion to a summary judgment motion because "[a]ny factual dispute upon which the existence of jurisdiction may turn is for the court alone, and not a jury to determine. Appellate review of such a factual determination is on a clearly erroneous basis." *Id.* at 924-25.

In contrast, Rule 12(b)(6) allows the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." In contrast to a Rule 12(b)(1) motion, when considering a motion to dismiss under Rule 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation and citation omitted). A district court should dismiss the complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

127 S. Ct. 1955, 1974 (2007); see also *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). If the Court is presented with, and does not exclude, material outside the complaint or any attachments thereto, then the motion is treated as one for summary judgment. Fed.R.Civ.P. 12(d).

In considering a Rule 12(b)(6) motion converted to a motion for summary judgment under Rule 56, a court must view the facts in a light most favorable to the non-moving party and resolve all factual inferences in the non-moving party's favor. Conversely, under Rule 12(b)(1), ". . . the plaintiff has the burden to prove jurisdiction and the standard of appellate review is highly deferential." *Id.* at 925. As the Third Circuit Court of Appeals stated:

> Under Rule 12(b)(1), the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." . . . In contrast, because a Rule 12(b)(6) motion "results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn."

*Boyle v. Governor's Veterans Outreach & Assistance Center*, 925 F.2d 71, 74 (3d Cir.1991) (citations omitted). Because this Motion is a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court (a) should receive and consider any competent evidence relating to the Motion, including matters outside of the pleadings; (b) should not convert the Motion to a motion for summary judgment under Rule 56; (c) should not construe the facts in Plaintiff's favor; and (d) should impose on Plaintiff the burden to prove this Court has subject matter jurisdiction to consider Plaintiff's mechanic's lien claim.

This Court lacks subject matter jurisdiction over Plaintiff's mechanic's lien claim because, as more fully discussed below, Plaintiff did not timely commence an action to enforce its lien. If a mechanic's lien claimant fails to commence an action within the six-month period

set forth in C.R.S. §38-22-110, then the lien is automatically "extinguished as a matter of law." *Mountain Ranch Corp. v. Amalgam Enterprises*, 143 P.3d 1065, 1068 (Colo. Ct. App. 2005) (citing *Schlosky v. Mobile Premix Concrete*, 656 P.2d 1321 (Colo. Ct. App. 1982)). It necessarily follows that once a mechanic's lien is "extinguished as a matter of law" because of an untimely foreclosure action or any other reason, the lien no longer exists and a court is, therefore, divested of subject matter jurisdiction. Such is the case here where because Plaintiff failed to timely commence an action to enforce its mechanic's lien, the lien has been extinguished as a matter of law.

In the alternative, even if the Court determines it has subject matter jurisdiction over Plaintiff's mechanic's lien claim, the Court should still dismiss it under Rules 12(b)(6) and 56 because of Plaintiff's failure to timely file an action to enforce the lien. With these standards in mind, Plaintiff's Third Claim for Relief must be dismissed against all parties.

**II.     PLAINTIFF DID NOT TIMELY COMMENCE AN ACTION TO ENFORCE ITS MECHANIC'S LIEN.**

**A.     The Elements of a Mechanic's Lien Claim.**

In order to maintain its claim for Foreclosure of Mechanic's Lien, Plaintiff must demonstrate that it:

(1)     <u>filed its lien statement</u> no later than four months after the day on which the last labor is performed or the last laborers or materials were furnished by Plaintiff, C.R.S. § 38-22-109(5); and

(2)     <u>commenced its action</u> for foreclosure *and* filed a notice of commencement of the action (a notice of lis pendens) with the clerk and recorder of the county in which

the project is situated no later than <u>six months</u> after the last labor is performed, materials furnished, or completion of the construction project, C.R.S. § 38-22-110.

If Plaintiff fails to satisfy any one of these criteria, the lien is void and no action for foreclosure of the lien can stand.

Although the Mechanics' Lien Statute is to be liberally construed in favor of lien claimants, "it is to be strictly construed in determining whether the right to a lien exists." *Fleming v. Prudential Insurance Co.*, 19 Colo. Ct. App. 126, 73 P.752 (1903). And, those who wish to claim the benefits of the lien must prove compliance with all statutory requirements necessary to establishing entitlement thereto; the Mechanic's Lien Statute "cannot by construction be extended to cases not within its provisions." *Skillstaff of Colorado, Inc. v. Centex Real Estate Corp.*, 973 P.2d 674, 676 (Colo. Ct. App. 1998).

### B.     The Facts Do Not Support the Elements of a Mechanic's Lien Claim.

Plaintiff cannot maintain its mechanic's lien foreclosure claim because (1) Plaintiff's action was not timely commenced, and (2) Plaintiff's Notice of Lis Pendens was not timely recorded. Plaintiff commenced this action on June 12, 2015 by filing the Complaint with the Court. *See* (Docket No. 1). Plaintiff recorded its Notice of Lis Pendens with the Clerk and Recorder of Eagle County, Colorado on June 18, 2015. *See* Exhibit C. Therefore, pursuant to C.R.S. § 38-22-110, in order to have perfected its lien claim, Plaintiff must have performed labor or furnished materials to, or completed construction of, the Project after December 12, 2014. But, as demonstrated by the evidence set forth in Clearwater's Statement of Facts, Plaintiff did

not do that.  In fact, Plaintiff achieved "Substantial Completion" on December 25, 2013, more than 17 months before it commenced an action to enforce its lien.

Moreover, the nature of the labor, material or work that triggers the six-month limitations period under C.R.S. § 38-22-110 is critical.  Under C.R.S. § 38-22-109(7), "No trivial imperfection in or omission from the said work or in the construction of any building, improvement, or structure . . . shall be deemed a lack of completion. . . ."  In other words, a contractor may not extend the filing period by doing work of a trivial nature where the project is otherwise "complete," and "all repairs and 'shakedown' work following the construction of a [project] need not precede 'completion.'" *Richter Plumbing & Heating v. Rademacher*, 729 P.2d 1009, 1013 (Colo. Ct. App. 1986).  Here, the date of "completion" for purposes of C.R.S. § 38-22-110—and the date from which Plaintiff had six months to commence an action and record a lis pendens—was December 25, 2013 when, upon Plaintiff's request, EVCE certified the achievement of "Substantial Completion."  Because the Project achieved "Substantial Completion" on December 25, 2013, any and all labor, materials or work that Plaintiff provided after that date was not necessary for the achievement of "Substantial Completion" and was, by definition, trivial in nature.

First, Plaintiff's action is not timely because, contrary to the allegations of its Complaint, Plaintiff has furnished no labor or materials whatsoever to the Project since February 2, 2015 when one of its employees "repaired [a] boiler feedwater pipe and diffuser channel alignment." *See* Exhibit B at ¶ 6.  Prior to that, Plaintiff had not provided any labor or materials to the Project since October 25, 2014 when one of its employees "replace[d] the gasket on the attemperator valve."  *See id*.  The only labor Plaintiff provided during the six month period that

preceded the filing of its Complaint was the "repair" work it furnished from January 30-February 2, 2015. This is precisely the type of "trivial" work that does not extend the time for filing an action to enforce a mechanic's lien. Indeed, since December 25, 2013, all of the work and materials Plaintiff has provided is trivial because it occurred after "Substantial Completion" was achieved.

This case is similar to the case of *Kaibab Lumber Co. v. Osburne*, 171 Colo. 49, 464 P.2d 294 (1970). In that case involving the construction of a dwelling, the homeowners moved into the completed dwelling on May 11. Thereafter, work was done to eliminate a noise emanating from the heating system, a fence was constructed, decorative trim was installed, and testing of the heating system was conducted in the fall months. *Id.* at 51-52. The trial court found that the matters performed after May 11 were "trivial imperfections or omissions" and determined that "completion" occurred on May 11. *Id.* at 52. On appeal, the Supreme Court of Colorado wrote, "The evidence is sufficient to support the finding of triviality as to all matters. If all repairs and 'fixing of bugs' following the construction of a house must precede 'completion,' 'completion' of most houses would be delayed for years. *Id.* at 53.

Plaintiff has not satisfied the first option to comply with C.R.S. § 38-22-110—the requirement to commence an action and record a lis pendens no later than six months after the last work, labor or materials are provided—because the only work provided during the six month period preceding the filing of the Complaint was trivial in nature. We next turn our attention to the second option.

The second option for satisfying C.R.S. § 38-22-110 is for the claimant to establish that it commenced its action no longer than "six months . . . after the completion of the building,

11

structure, or other improvement, or the completion of the alteration, addition to, or repair thereof . . . ." That is, Plaintiff may not maintain its lien claim if the Project was completed more than six months before it commenced its action or recorded its lis pendens.

Under the Agreement between Plaintiff and EVCE, Plaintiff was to achieve "Substantial Completion" of the Project by December 16, 2013. The Agreement defines "Substantial Completion" as:

> achieving to the satisfaction of [EVCE] in its commercially reasonable discretion: (1) successful breaker closure indicating synchronization of the turbine-generator with the grid; (2) completion in all material respects of all events shown on line items 1 through (and including) 125 listed on Schedule #2 (Project Schedule) attached hereto; and (3) demonstrated ability of the facility to operate in a manner which is deemed safe, reliable and consistent with the performance requirements of this Contract.

After Plaintiff notified EVCE that Plaintiff had achieved "Substantial Completion" of the Project, EVCE certified achievement of "Substantial Completion" on December 25, 2013. *See* Exhibit A at ¶¶ 3-5.

Since "Substantial Completion" was certified in late 2013, Plaintiff has continually maintained its position that the Project is substantially complete. In June 2014, Nye, Plaintiff's president, informed Rostrom of EVCE that it was Plaintiff's position that only "nuisance items" remained to be completed. In Email correspondence to Rostrom dated June 27, 2014, Nye wrote:

> I will be reviewing the punch list items and expediting resolution to any issues that are Wellons responsibility. It appears that many on the list are more nuisance items rather than ones of the very serious nature you try to express. None the less, I will see that you receive a response to the status of each and every item on the list. I completely disagree with you regarding final completion. We clearly met the final completion requirements at the end of the thirty day capacity test.

*See* Exhibit A at ¶ 7.  Three months later, on October 27, 2014, Nye reiterated this position in a letter to Rostrom in which Nye wrote, among other things:

> Wellons had successfully completed its obligations as set forth in Section XI(E)(3), and the parties have conducted themselves in recognition of that fact for months.  As [EVCE] recognizes, the plant has been in operation for months as well.  **All that remains are a few minor punch list items.**

See Exhibit A at ¶ 8 (emphasis added).

Colorado law is clear that trivial imperfections—the "few minor punch list items" as Nye characterizes them—do not extend the filing deadline.  Plaintiff failed to timely commence its action because (a) "Substantial Completion" was achieved on December 25, 2013; (b) the only work that was done within the six months that preceded the filing of Plaintiff's action was some very minor repair work; and (c) Plaintiff's president acknowledged that "Substantial Completion" had occurred more than six months before Plaintiff commenced its action.  Therefore, the Third Claim for Relief for Foreclosure of Mechanic's Lien is untimely and must be dismissed as against all parties.

## **CONCLUSION**

When a claimant fails to timely commence a mechanic's lien foreclosure action, the claimant's lien is extinguished by operation of law and a court lacks subject matter jurisdiction over the now non-existent lien.  Here, the evidence set forth in Clearwater's Statement of Facts demonstrates that Plaintiff did not timely commence its foreclosure action against Clearwater.  Thus, because Plaintiff failed to satisfy the statutory requirements necessary to perfect and maintain a lien claim, the Court should dismiss Plaintiff's Third Claim for Relief and enter an Order that Plaintiff's lien is extinguished.  The Court should dismiss Plaintiff's lien foreclosure

action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, but, even if the Court determines it has subject matter jurisdiction over the lien claim, it should still dismiss the claim under Rule 12(b)(6) because Plaintiff, through its president, has acknowledged that the Project was complete at least one year before it commenced its action, and Plaintiff may not now claim otherwise.

      RESPECTFULLY SUBMITTED this 20th day of August, 2015.

      By:     /s/ Ryan B. Braithwaite

      Barry N. Johnson
      Ryan B. Braithwaite
      BENNETT TUELLER JOHNSON & DEERE, LLC
      Millrock Park West Building
      3165 East Millrock Drive, Suite 500
      Salt Lake City, Utah 84121
      Telephone: (801) 438-2000
      Email: bjohnson@btjd.com; rbraithwaite@btjd.com

      Sarah J. Baker, #32806
      SARAH J. BAKER PC
      Post Office Box 425
      Edwards, Colorado  81632
      Telephone:  (970) 331-0799
      Email:  sbaker@sbakerpc.com

      *Attorneys for Defendant Clearwater Ventures, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August, 2015, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following counsel of record to be served by electronic means:

Stephen G. Leatham
HEURLIN, POTTER, JAHN, LEATHAM,
HOLTMANN & STOKER, P.S.
211 E. McLoughlin Blvd., Suite 100
Vancouver, WA 98663
Email: sgl@hpl-law.com

Tracy H. Fowler
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah  84101
Email:  tfowler@swlaw.com
*Attorneys for Plaintiff Wellons, Inc.*


By:  /s/ Ryan B. Braithwaite