**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-01252

WELLONS, INC., an Oregon corporation,

    Plaintiff,

v.

EAGLE VALLEY CLEAN ENERGY, LLC, a Utah limited liability company;
EVERGREEN CLEAN ENERGY CORPORATION, a Colorado corporation;
CLEARWATER VENTURES, LLC, a Utah limited liability company;
UNITED STATES OF AMERICA RURAL UTILITIES SERVICE,
DEAN L. ROSTROM, individually;
KENDRIC B. WAIT, individually;
GEORGE SORENSON, individually;
WILCOX REVOCABLE TRUST; and
SOUTH SEA ENTERPRISES, LLC,

    Defendants.

**PLAINTIFF'S OPPOSITION TO CLEARWATER VENTURES' MOTION TO DISMISS**

Plaintiff Wellons, Inc. ("Wellons") submits the following memorandum in opposition to the motion to dismiss Wellons' third claim for relief filed by defendant Clearwater Ventures, LLC ("Clearwater").

## I. INTRODUCTION

Wellons' third claim for relief is for foreclosure of its mechanic's lien. Clearwater incorrectly contends that Wellons' claim is untimely and did not comply with the statutory requirements of Colorado's mechanic's lien statute, C.R.S. § 38-22-101 *et seq.* Plaintiff's motion should be denied because Wellons, both itself and through its subcontractors, performed significant work on the subject project within six months before the filing of Wellons' complaint.

1

Clearwater also erroneously asserts that its motion should be treated as a jurisdictional motion to dismiss under Fed. R. Civ. P. 12(b)(1). Given Clearwater's arguments, this motion should instead be treated as a motion for summary judgment under Fed. R. Civ. P. 56.

## II. STATEMENT OF FACTS

Wellons engineered and constructed the project at issue in this case for defendant Eagle Valley Clean Energy, LLC ("EV") pursuant to the terms of a written agreement dated December 21, 2011.[1]

After the majority of work on the project was completed, and after the parties began to dispute the right and extent of Wellons to receive payment under the contract, Wellons delivered to Clearwater and EV a Notice of Intent to File a Lien Statement on October 9, 2014. *See* Exhibit 1. Wellons then filed its lien with the Clerk and Recorder of Eagle County, Colorado, under number 20147905 on October 20, 2014. *See* Exhibit 2. Wellons subsequently filed an amended lien statement under number 201421615 on December 16, 2014. *See* Exhibit 3.

In the fall of 2014, Wellons and EV were mired in a dispute over construction items which EV felt required repair or replacement and which Wellons felt required only minor work. *See* Exhibits 4-8. During this entire time, Wellons could not access the site to perform the work Wellons felt was necessary until there was a plant shutdown. *See* Exhibits 9-11.

The facility experienced a fire of disputed cause on December 13, 2014, at which point EV shut down the facility until repairs could be made. The fire enabled Wellons and its subcontractors to come to the project site to perform additional work.

---

[1] *See* Exhibit A to Clearwater's Motion.

On December 23, 2014, one of Wellons' subcontractors, New Electric, was on-site to install and wire an additional alarm horn. This represented extra work that Wellons agreed to do which added an additional alarm horn to the power plant control system to emit a different alarm sound for steam turbine-related alarm conditions. This different alarm sound was added to provide an improved ability to determine the area of the plant that was causing an alarm condition when the operator was not in the plant control room.[2] *See* Exhibits 12-14.

From January 5 through January 7, 2015, another of Wellons' subcontractors, Siemens, was on-site to make repairs associated with the turbine speed sensor signals. The steam turbine-generator had been experiencing intermittent alarms indicating that one of three redundant turbine speed sensors was failing. Although serving as a redundant alarm, a failure indication from a second sensor could cause a plant shutdown until repairs could be made. Siemens had previously been on site to troubleshoot and attempt repairs. As a result of that work, Siemens had determined that to properly make repairs the steam turbine-generator would be required to be shut down. The first week in January represented the first opportunity where the steam turbine would be shut down, a qualified Siemens technician would be available, and the necessary parts would be available to enable the work to be performed. *See* Exhibit 15.

On January 29-30, 2015, Wellons field supervisor Sam Wright was on-site making repairs to the feed water distribution header inside the steam drum, as well as to the seal water tubing for the condenser circulating water pumps. The repairs to the feed water distribution header involved piping inside the boiler steam drum. It was leaking and not properly distributing water. Repair of this item was critical and necessary for steam drum water level control and to avoid false drum

---

[2] *See generally* Declaration of Ken Kinsley in support of Wellons' factual assertions.

level control shutdown conditions that would serve to take the plant off-line. This repair was required in order to ensure reliable operation of the plant. *See* Exhibit 16.

Regarding the condenser circulating water pumps, Mr. Wright installed seal piping modifications to the shaft seals on the large 400 hp condenser cooling water pumps in order to prevent possible shaft and shaft seal damage. This shaft seal water piping was not part of the original installation. Instead, it was added in accordance with recommendations from the pump supplier.

From March 13 through 15, 2015, Siemens was again on-site to complete repairs associated with the turbine speed sensor signals. Due to issues with faulty parts, the January 5-7, 2015, repair effort had been unsuccessful. The Siemens technician returned to the site, with proper parts, and was thereby able to complete the speed sensor repairs. *See* Exhibit 17.

On March 14, 2015, New Electric was also on-site to re-route some turbine-generator wiring. This work was performed as part of the speed sensor repairs being simultaneously made by Siemens. Siemens had determined that an independent electrical circuit would make the speed sensor alarm circuit more reliable. Accordingly, New Electric came to the site to create this independent electrical circuit. *See* Exhibit 18.

Clearwater takes the erroneous positon that Wellons "has not provided any substantive labor or material to the Property since December 25, 2013." Clearwater's Motion at 2. In fact, important and substantial work was performed by Wellons and its subcontractors at the site as late as March 15, 2015, less than three months before this lawsuit was commenced. At a minimum, there are genuine issues of material fact regarding the scope and nature of the work performed by Wellons and its subcontractors. These issues compel the denial of Clearwater's motion.

## III. DISCUSSION

### A.   Clearwater's Motion Should be Treated as a Motion for Summary Judgment.

Clearwater contends that this Court lacks subject matter jurisdiction over Wellons' lien foreclosure claim because Wellons "did not timely commence an action to enforce its lien." Clearwater's Motion, at 7. Clearwater supports this position by contending that Wellons did not provide labor or material to the project on or after December 12, 2014. *Id.* at 2.

This contention is neither factually unsupported nor tends to establish that this Court lacks subject matter jurisdiction over this action. Indeed, this Court has subject matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000, and this is an action between citizens of different states.

The issue regarding the timeliness of Wellons' commencement of its foreclosure claim is an issue concerning the elements of Wellons' claim for relief, not an issue bearing on the subject matter jurisdiction of this Court. Accordingly, and because the parties have submitted materials beyond the complaint, this motion should be treated as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

Instructive on this question is the case of *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). As the Court summarized the issue, at 503:

> This case concerns the distinction between two sometimes confused or conflated concepts:  federal-court "subject-matter" jurisdiction over a controversy; and the essential ingredients of a federal claim for relief.

*Arbaugh* was an action under Title VII of the Civil Rights Act of 1964. Congress defined "employer" in that Act to include only those having 15 or more employees. The question was

whether that numerical qualification "affects federal-court subject-matter jurisdiction or, instead, delineates a substantive ingredient of a Title VII claim for relief." *Id.*

In noting that Congress did nothing to indicate that the 15 employee minimum was jurisdictional, the Court held that the minimum employee requirement went to the adequacy of the plaintiff's claim, not the jurisdiction of the court to hear the claim. *Id.* at 504:

> We…hold that the numerical threshold does not circumscribe federal court subject-matter jurisdiction. Instead, the employee-numerosity requirement relates to the substantive adequacy of Arbaugh's Title VII claim,…

Similarly here, the timeliness of Wellons' commencement of its foreclosure action is not an issue going to the jurisdictional ability of this Court to hear this claim. Instead, timeliness is an element which Wellons must prove in order to prevail on its claim. Accordingly, this Court continues to have subject matter jurisdiction over this action and Clearwater's motion should be converted to and treated as a motion for summary judgment.

Viewed properly as a motion for summary judgment, this Court must view the facts in the light most favorable to Wellons and resolve all factual inferences in Wellons' favor. *See, e.g., Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 600-601 (1986). So viewed, there are at a minimum genuine issues of material fact regarding the timeliness of Wellons' claim. As a result, Clearwater's motion should be denied.

**B.  Wellons Lien Foreclosure Claim Was Timely Commenced.**

Wellons commenced its lien foreclosure action on June 12, 2015, when it filed its complaint with this Court. *See* Dkt 1. Wellons then recorded its Notice of Lis Pendens with the Clerk and Recorder of Eagle County, Colorado, on June 18, 2015. *See* Exhibit C to Clearwater's Motion. Accordingly, so long as Wellons provided labor or materials to the project after

December 12, 2014, then Wellons' foreclosure claim was timely commenced. *See* C.R.S. § 38-22-110.

Wellons has provided the Court with evidence of the labor and materials it and its subcontractors provided for the project between December 2014 and March 2015. Taking this evidence as true and giving Wellons the benefit of all reasonable inferences from that evidence, as the Court must on a motion for summary judgment, it must be concluded either that Wellons timely commenced its foreclosure action or, at a minimum, that there are genuine issues of material fact on the issue of timely commencement.

Follow-up and repair work can be sufficient to render timely the commencement of a lien foreclosure action. *See*, *e.g.*, *Adams v. Colorado Seal & Stripe, Inc.*, 702 P.2d 765 (Colo. App. 1985). Moreover, given that EV asserts that substantial work remains to be completed by Wellons, there is a question of fact as to whether Wellons has ever "completed" its work on the project. *See Kehn v. Spring Creek Village I*, 563 P.2d 969 (Colo. App. 1977). On the record before this Court there are factual issues as to whether Wellons had in fact completed its work under the project and whether the work performed by Wellons and its subcontractors within six months of commencing this lien foreclosure action was "trivial." These issues of fact require the denial of Clearwater's motion.

DATED this 3rd day of September, 2015.

*Stephen G. Leatham*
**Stephen G. Leatham**
HEURLIN, POTTER, JAHN, LEATHAM,
HOLTMANN & STOKER, P.S.
211 E. McLoughlin Blvd., Suite 100
Vancouver, WA  98663

7

Telephone:  (360) 750-7547
FAX:  (360) 750-7548
E-mail:  sgl@hpl-law.com
Attorney for Plaintiff Wellons, Inc.

## CERTIFICATE OF SERVICE

I certify that on September 3, 2015, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following:

Ryan B. Braithwaite  
Bennett Tueller Johnson & Deere  
3165 E. Millrock Drive, Suite 500  
Salt Lake City, UT 84121  
rbraithwaite@btjd.com  

Barry N. Johnson  
Bennett Tueller Johnson & Deere  
3165 E. Millrock Drive, Suite 500  
Salt Lake City, UT 84121  
bjohnson@btjd.com  

Sarah J. Baker  
Sarah J. Baker PC  
PO Box 425  
Edwards, CO 81632  
Email: sbaker@sbakerpc.com  

Marcy E. Cook  
Assistant United States Attorney  
1225 Seventeenth Street, Suite 700  
Denver, CO  80202  
E-mail: marcy.cook@usdoj.gov  

Tracy H. Fowler  
Snell & Wilmer  
15 W. South Temple #1200  
Salt Lake City, UT 84101  
E-mail: tfowler@swlaw.com  

*s/ Stephen G. Leatham*  
Stephen G. Leatham