**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-01252-RBJ (consolidated)

WELLONS, INC., an Oregon corporation,

       Plaintiff,

v.

EAGLE VALLEY CLEAN ENERGY, LLC, a Utah limited liability company;
EVERGREEN CLEAN ENERGY CORPORATION, a Colorado corporation;
CLEARWATER VENTURES, LLC, a Utah limited liability company;
UNITED STATES OF AMERICA RURAL UTILITIES SERVICE,
DEAN L. ROSTROM, individually;
KENDRIC B. WAIT, individually;
GEORGE SORENSON, individually;
WILCOX REVOCABLE TRUST U/A 0627/03 WILLIAM WILCOX AND LYN WILCOX
TRUSTEES FOR THE BENEFIT OF WILLIAM WILCOX AND LYN WILCOX;
SEA SOUTH, LLC, a Delaware limited liability company; and
WESTERN RESOURCES, LLC, a Utah limited liability company,

       Defendants.

---

Civil Action No. 1:15-cv-02055-KMT

GCUBE INSURANCE SERVICES, INC., a California corporation,

       Plaintiff,

v.

WELLONS, INC., an Oregon corporation,

       Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS EVCE AND ECEC'S MOTION TO
QUASH SUBPOENA DIRECTED TO HOLY CROSS ENERGY**

---

1

## INTRODUCTION

Defendants Eagle Valley Clean Energy, LLC ("EVCE") and Evergreen Clean Energy Corporation ("Evergreen") (collectively referred to herein as "defendants") have filed a motion to quash the subpoena duces tecum plaintiff served upon a non-party, Holy Cross Energy ("HCE"). Defendants contend that the documents sought by the subpoena are protected from discovery by confidentiality agreement and trade secret principles. They also contend that the documents are not relevant to any issues presented in this action.

Plaintiff contends that the documents are relevant to defendants' claim that they have suffered lost profits due to defects in the power plant plaintiff constructed for EVCE, and due to the fire at the facility that they claim was the fault of plaintiff. The bulk of the information plaintiff seeks concerns the revenue and expense aspects of defendant's operations. The information bears directly on the viability and amount of defendant's claimed lost profits. The information may also tend to explain why it took defendants so long to reopen their facility after the December 2014 fire.

For the reasons to be explained, defendants' motion should be denied, and HCE should be allowed to comply with the subpoena.

## FACTUAL BACKGROUND

EVCE sells power to HCE pursuant to a written power purchase agreement. It is not disputed that the sale of this power is the primary source of revenue for defendants. In addition, it is not disputed that defendants report to HCE the prices they pay for the fuel used at the facility. These figures, directly concerning defendants' income and expenses, go to the heart of defendants' claims and counterclaims for lost profits.

Accordingly, the documents reflecting these figures should have been provided with defendants' initial disclosures. Because the documents provided did not fully reveal these figures, plaintiff issued its subpoena to HCE.

As summarized in defendants' motion to quash, plaintiff worked cooperatively with HCE to circumscribe the scope of the documents to be produced. Plaintiff and HCE agreed on the scope of production. HCE raised no issue regarding the confidentiality provisions of its agreements with EVCE. Leatham Declaration.

Significantly, the parties have entered into a "Protective Agreement". *Id.,* Ex. 1. That agreement protects the confidentiality of all documents produced in this action, and cures defendants' concerns about the documents being disclosed. The existence of this agreement compels the conclusion that defendants' motion to quash should be denied.

## DISCUSSION

A party objecting to a subpoena issued to a non-party may only raise issues of privilege or privacy. *See, e.g., R&D Film 1, LLC v. Does 1-66*, 2013 WL 4052425 (D. Colo. 2013) (attached). Thus, defendants' contention that the documents are not relevant should not be considered.[1]

Defendants' first contention as to a privacy concern is that its agreements with HCE provide that the parties may not disclose confidential information. As an initial matter, this

---

[1] Regardless, the relevance contention should also be rejected on the merits. The discovery procedures established under the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information. *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 558-559 (D. Colo. 2014). "The Court broadly construes relevancy, and a request for discovery should be considered relevant if it is possible that the information sought may be relevant to the claim or defense of any party." *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 552 (D. Colo. 2009). Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(a)(1); *Ark. River Power Auth. v. Babcock & Wilcox Power Gen. Group, Inc.* 2015 U.S. Dist. Lexis 84929, *13-14 (D. Colo. June 30, 2015).

concern is not applicable to the extent the subpoena seeks mere communications between the parties.  Those communications cannot be considered "confidential", particularly given the narrow scope of the documents sought pursuant to the agreement reached between plaintiff and HCE.

The confidentiality provisions should also not prevent HCE from disclosing documents concerning the amounts it has paid for electricity and the amounts EVCE has paid for fuel.  Even if that information is within the scope of the confidentiality provisions, the agreement itself provides that even confidential information may be provided to co-owners, lenders, contractors, and others involved in construction of the facility.  *See* Defendants' Motion to Quash, Dkt. 94, at 5.  Plaintiff falls within each of those categories.  Plaintiff's parent company was a member of EVCE, and is currently a shareholder in ECEC.  Leatham Declaration.  Plaintiff provided construction financing to EVCE for the project.  *Id.*  And plaintiff was the EPC contractor for the project.  *Id.*  Accordingly, plaintiff is within the classes of entities who are entitled to see even otherwise confidential information.

Defendants' trade secrets concerns are similarly not well-taken.  First, it is questionable whether defendants have met their burden to prove that the documents at issue are in fact trade secrets.  *See, e.g., Dish Network, LLC v. WNET*, 2014 WL 1628132 (D. Colo. 2014)(attached).  And even if they have met that burden, plaintiff has substantial need to see the documents, given defendants' claims of significant lost profit damages.  Plaintiff is entitled to see whether the documents sought tend to rebut defendants' claims, and there is no other source for these documents, other than defendants themselves.  Even documents containing trade secrets must be produced if the requestor establishes substantial need.  *Id.*

Finally, as discussed above, the existence of the Protective Agreement between the parties protects the confidentiality of the documents and overcomes defendants' privacy concerns.

## CONCLUSION

For the foregoing reasons, defendants' motion to quash should be denied.

DATED this 17th day of May, 2016.

*s/ Stephen G. Leatham*
**Stephen G. Leatham**
HEURLIN, POTTER, JAHN, LEATHAM,
HOLTMANN & STOKER, P.S.
211 E. McLoughlin Blvd., Suite 100
Vancouver, WA  98663
Telephone:  (360) 750-7547
FAX:  (360) 750-7548
E-mail:  sgl@hpl-law.com
Attorney for Plaintiff Wellons, Inc.

## CERTIFICATE OF SERVICE

I certify that on May 17, 2016, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following:

Barry N. Johnson
Ryan B. Braithwaite
BENNETT TUELLER JOHNSON
& DEERE
3165 E. Millrock Drive, Suite 500
Salt Lake City, UT 84121
Email:  bjohnson@btjd.com
rbraithwaite@btjd.com

Sarah J. Baker
SARAH J. BAKER PC
PO Box 425
Edwards, CO 81632
Email: sbaker@sbakerpc.com

Marcy E. Cook
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, CO  80202
E-mail: marcy.cook@usdoj.gov

Michael O. Frazier
Joel A. Richardson
CAMPBELL, LATIOLAIS &
AVERBACH, LLC
825 Logan Street
Denver, CO 80203
Email: mfrazier@cla-law.net;
jrichardson@cla-law.net

Brad W. Breslau
Cheri L. MacArthur
COZEN O'CONNOR
707 17th Street, Suite 3100
Denver, CO 80202
Email: bbreslau@cozen.com;
cmacarthur@cozen.com

s/ Stephen G. Leatham
Stephen G. Leatham