**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

WELLONS, INC., an Oregon corporation,

    Plaintiff,

  v.

EAGLE VALLEY CLEAN ENERGY, LLC, a Utah limited liability company; EVERGREEN CLEAN ENERGY CORPORATION, a Colorado corporation; CLEARWATER VENTURES, LLC, a Utah limited liability company; UNITED STATES OF AMERICA RURAL UTILITIES SERVICE; DEAN L. ROSTROM, individually; KENDRIC B. WAIT, individually; GEORGE SORENSON, individually; WILCOX REVOCABLE TRUST U/A 06/27/03, WILLIAM WILCOX AND LYN WILCOX TRUSTEES FOR THE BENEFIT OF WILLIAM WILCOX AND LYN WILCOX; SEA SOUTH SERIES C, LLC, a Delaware limited liability company; and WESTERN RESOURCES, LLC, a Utah limited liability company,

    Defendants.

Civil Case No. 1:15-cv-01252-RBJ
(consolidated)

---

GCUBE INSURANCE SERVICES, INC., a California Corporation,

    Plaintiff,

  v.

WELLONS, INC., an Oregon corporation,

    Defendant.

Civil Action No. 1:15-cv-02055

---

**DEFENDANTS' BRIEF ADDRESSING MISSTATEMENTS MADE BY HOLY CROSS ELECTRICAL ASSOCIATION, INC., IN ITS RESPONSE TO DEFENDANTS' MOTION TO QUASH**

---

6585092.5

COME NOW Defendants Eagle Valley Clean Energy, LLC ("*EVCE*"), Evergreen Clean Energy Corporation ("*ECEC*"), Clearwater Ventures, LLC ("*Clearwater*"), George Sorenson, Dean Rostrom, Kendric B. Wait, and Western Resources, LLC ("*Western Resources*") (collectively "*Defendants*") and file this Brief Addressing Misstatements Made by Holy Cross Electrical Association, Inc.'s ("*HCE*") in its Response to Defendants' Motion to Quash Wellons' Inc.'s Subpoena to Holy Cross Energy (the "*Response*").

As an initial matter, Defendants note that the position taken by HCE regarding the confidentiality clause in the Power Purchase Agreement ("*PPA*") is contradictory to Defendants' interpretation of the confidentiality provisions in the PPA. Defendants disagree that information shared with HCE under the PPA is not considered confidential and maintain that correspondence between HCE and Defendants regarding fuel suppliers, profitability relating to fuel, and records reflecting money paid by HCE to Defendants are confidential under Paragraph 11 of the PPA and the Interconnection Agreement ("*ICA*").  Defendants, however, file this brief not to reiterate their previous arguments regarding confidentiality but in order to correct a series of misstatements made by HCE in its Response.

HCE stated in the Response that it conducted a fuel audit in 2014 and that the audit "confirmed that EVCE is not in the market purchasing fuel from different suppliers." [Doc. No. 112, at 5.]   HCE represented to this Court that EVCE purchased all its fuel from a single fuel supplier owned by EVCE's owner and that HCE had no records or knowledge of what that fuel supplier paid in the market for fuel and that the fuel supplied then resold to EVCE at a "negotiated price that was not the result of a competitive procurement process." *Id.*

These statements are directly contradicted by information in HCE's possession. First, HCE had both knowledge and actual records detailing the price paid by the fuel supplier in the market for fuel and demonstrating that the price procured was the result of a competitive process. During the 2014 fuel audit, EVCE provided HCE with a spreadsheet reflecting the specific names of over two dozen different fuel suppliers from which West Range Forest Products ("**WRFP**"), EVCE's fuel supplier purchased fuel. These records reveal that, while EVCE purchased all of its fuel from WRFP, WRFP competitively procured fuel from over two-dozen suppliers. The fuel price paid by EVCE, as reflected in the chart provided to HCE, was directly passed through to HCE for $41.00/bone dry ton, which was the actual price paid by EVCE for those deliveries, without any markup passed to HCE.

Second, HCE is aware that the price it pays is not a "negotiated price" but the price set by EVCE's Fuel Supply Agreement, which was provided to HCE and which caps the actual price for fuel at $41.00/bone dry tone. HCE has no basis for asserting that EVCE paid a "negotiated price" for fuel that was not the result of a competitive procurement process. EVCE's fuel supplier was prohibited by contract from charging more than $41.00/bone dry ton, a fact of which HCE was aware.

Further, each invoice provided by EVCE to HCE for its audit expressly showed the price that the fuel supplier paid in the market for fuel that it then sold to EVCE. The invoices detailed the quantity of fuel purchased, the rate for the fuel, and the total amount paid to acquire the fuel. HCE never questioned the information provided by EVCE or asked for additional information. Since the audit, EVCE has provided HCE with a rolling twelve (12) month average fuel cost and average month fuel cost, which contains information on the price paid for fuel. At no point has

3

HCE expressed any concern about the fuel pass through cost, and it has not requested another audit.  It is patently false to state that HCE had no records or knowledge concerning the price the fuel supplier paid in the market, when EVCE provided HCE with invoices, a Fuel Supply Agreement, and a spreadsheet clearly identifying the price paid by the fuel supplier to acquire fuel in the market.

Moreover, only two weeks before HCE filed its Response in this Court, EVCE delivered to HCE a detailed description of EVCE's fuel arrangements, together with all of the supporting information and documents, which made it abundantly clear that EVCE, through WRFP, was obtaining fuel from numerous sources on a competitive basis.  EVCE offered to discuss its fuel arrangements with HCE, but HCE did not take EVCE up on the offer.

Instead, on May 31, 2016 HCE filed its Response, claiming it had no information or records regarding EVCE's fuel supplier, and that it did not believe that EVCE's negotiated price for fuel was the result of a competitive process. Clearly, HCE knew these statements to be false when it filed its Response. Defendants' counsel raised this with HCE's counsel on June 2, 2016 and again on June 10, 2016, but HCE has refused to submit a corrected brief.  Accordingly, Defendants had no choice but to file this Brief to clear up the record. Defendants respectfully request that the Court note these misstatements and not accord them with consideration as the Court weighs Defendants' Motion to Quash.

Respectfully submitted this 15th day of June, 2016.

*By: /s/ Aiten M. McPherson*
C. Scott Greene
Scott.Greene@bryancave.com
Curtis James Romig
Curtis.Romig@bryancave.com

*By: /s/ Ryan B. Braithwaite*
Barry N. Johnson
bnjohnson@btjd.com
Ryan B. Braithwaite
rbraithwaite@btjd.com

4

6585092.5

| | |
|---|---|
| Aiten M. McPherson<br>Aiten.McPherson@bryancave.com<br>Alexis L. Kirkman<br>Alexis.Kirkman@bryancave.com<br>**BRYAN CAVE, LLP**<br>One Atlantic Center, 14th Floor<br>1201 W. Peachtree St., N.W.<br>Atlanta, GA 30309-3471<br>Telephone: (404) 572-6600<br>Facsimile: (404) 572-6999<br><br>*Attorneys for Kendric B. Wait and Western Resources, LLC* | **BENNETT TUELLER JOHNSON & DEERE**<br>Millrock Park West Building<br>3165 E. Millrock Drive, Suite 500<br>Salt Lake City, Utah 84121<br>Telephone: (801) 438-2000<br>Facsimile: (801) 438-2050<br><br>*Attorneys for Eagle Valley Clean Energy, LLC, Evergreen Clean Energy Corporation, Clearwater Ventures, LLC, and George Sorenson* |

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2016, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following counsel of record to be served by electronic means:

Stephen G. Leatham
HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER
211 E. McLoughlin Blvd., Suite 100
Vancouver, WA 98663
Email: sgl@hpl-law.com

*Attorney for Wellons, Inc.*

Mike Frazier
Joel Richardson
825 Logan Street
Denver, CO 80203
Email: mfrazier@cla-law.net;
jrichardson@cla-law.net

*Attorney for Wellons, Inc.*

Marcy E. Cook
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Email: marcy.cook@usdoj.gov

*Attorney for United States of America, Rural Utilities Service*

Brad W. Breslau
Cheri L. MacArthur
COZEN O'CONNOR
707 17th Street, Suite 3100
Denver, CO 80202
Email: bbreslau@cozen.com;
cmacarthur@cozen.com

*Attorney for GCube Insurance Services, Inc.*

Barry N. Johnson
Ryan B. Braithwaite
BENNET TUELLER JOHNSON & DEERE
3165 Millrock Drive
Suite 500
Salt Lake City, UT 84121
Email: bjohnson@btjd.com
rbraithwaite@btjd.com

*Attorneys for Eagle Valley Clean Energy, LLC, Evergreen Clean Energy Corporation, Clearwater Ventures, LLC, and George Sorenson*

Sarah J. Baker
SARAH J. BAKER, PC
P.O. Box 425
Edwards, CO 81632
Email: sbaker@sbakerpc.com

*Attorney for Eagle Valley Clean Energy, LLC*

Thomas D. Leland
Maxwell N. Shaffer
633 Seventeenth Street
Colorado Plaza Tower I.
Suite 2300
Denver, Colorado 80202
Email: Thomas.leland@hklaw.com
Maxwell.shaffer@hklaw.com

*Attorneys for Holy Cross Electric Association, Inc., d/b/a Holy Cross Energy*

By:  /s/ *Aiten M. McPherson*