**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

WELLONS, INC., an Oregon corporation,
        Plaintiff,

v.

EAGLE VALLEY CLEAN ENERGY, LLC, a Utah limited liability company; et al.;
        Defendants.

Civil Case No. 1:15-cv-01252-RBJ
(consolidated)

---

EAGLE VALLEY CLEAN ENERGY LLC; EVERGREEN CLEAN ENERGY CORPORATION; and CLEARWATER VENTURES, LLC;
        Counterclaimants,

v.

WELLONS, INC.,
        Counterclaim defendant.

---

EAGLE VALLEY CLEAN ENERGY, LLC; EVERGREEN CLEAN ENERGY CORPORATION; and CLEARWATER VENTURES, LLC;
        Third-party plaintiffs,

v.

WELLONS GROUP, INC. and MARTIN NYE,
        Third-party defendants.

---

GCUBE INSURANCE SERVICES, INC., a California Corporation,
        Plaintiff,

v.

WELLONS, INC., an Oregon corporation,
        Defendant.

Civil Action No. 1:15-cv-02055

---

**THE EVCE PARTIES' MOTION FOR ENTRY OF PROTECTIVE ORDER**

In accordance with D.C.COLO.LCivR 7.1(g) and this Court's Practice Standards, Defendants Eagle Valley Clean Energy, LLC ("*EVCE*"); Evergreen Clean Energy Corporation ("*ECEC*"); Clearwater Ventures, LLC ("*Clearwater*"); Dean L. Rostrom ("*Rostrom*"); George Sorenson ("*Sorenson*"); Wilcox Revocable Trust u/a 06/27/03 (the "*Wilcox Trust*"); Sea South, LLC ("*Sea South*"), Kendric B. Wait ("*Wait*") and Western Resources, LLC ("*Western*") (collectively, the "*EVCE Parties*"), by and through their counsel of record, respectfully request the Court enter the proposed Protective Order submitted herewith. In support of this Motion, the EVCE Parties state as follows:

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), the EVCE Parties' counsel conferred with counsel for Plaintiffs Wellons, Inc., Wellons Group, Inc., and Martin Nye (collectively the "*Wellons Plaintiffs*"). The EVCE Parties and Wellons Plaintiffs could not agree on one term in the proposed Protective Order, so while the Wellons Plaintiffs oppose this Motion for Entry of Protective Order they do not oppose the entry of a protective order in this proceeding. The EVCE Parties' counsel also conferred with counsel for GCube Insurance Services, Inc. and counsel for United States of America, Rural Utilities Service. Neither of those parties opposes this Motion for Entry of Protective Order.

## STATEMENT OF COMPLIANCE

Wellons, Inc., Eagle Valley Clean Energy, LLC, Evergreen Clean Energy Corporation, Clearwater Ventures, LLC, United States of America Rural Utilities Service, Dean L. Rostrom, Kendric B. Wait, George Sorenson, Wilcox Revocable Trust U/A 0627/03 William Wilcox and Lyn Wilcox Trustees for the Benefit of William Wilcox and Lyn Wilcox, Western Resources,

LLC, Sea South, LLC, GCube Insurance Services, Inc., Martin Nye, and Wellons Group, Inc. (collectively, the "**Parties**") are aware of and have reviewed Judge R. Brooke Jackson's Practice Standards (*see* www.cod.uscourts.gov/Portals/0/Documents/Judges/RBJ/ Practice_Standards_Revised_8-25-15.pdf ).  The EVCE Parties have tailored the proposed Order accordingly.

## THE POSITION OF THE EVCE PARTIES

1. The Parties agree that during the course of this litigation it may be necessary to disclose certain Protected Information (as defined in the proposed Protective Order) relating to the subject matter of this action.  The Parties assert that the disclosure of such Protected Information outside the scope of this litigation could result in significant injury to the Parties' business interests, to the business interests of non-party entities, or to the privacy interests of non-party individuals.  In order to protect the confidentiality of such information and to facilitate the prosecution of this case, the Parties have agreed to most of the terms of a proposed Protective Order.

2. For their part, the EVCE Parties have certain financial and fuel purchasing information that they wish to keep from the general public, and in certain instances from the Wellons Plaintiffs (but not their counsel).

3. The Parties have met and conferred concerning this motion in compliance with the "meet and confer" requirements of D.C.COLO.LCivR 7.1(a).

4. However, the Parties were unable to reach agreement on a single provision of the proposed Protective Order.

5. As the deadlines for expert disclosures (Nov. 17) and dispositive motions (Dec. 15) near, the EVCE Parties cannot afford further delay in submitting a proposed Protective Order with the Court for its review and decision.

6. The Wellons Plaintiffs contest one aspect of the labelling of certain documents as "ATTORNEYS' EYES ONLY" ("AEO"), specifically the language that allows AEO documents to be reviewed by "[i]ndependent experts and consultants retained by the Receiving Party's attorneys for purposes of assisting in this litigation." *See* proposed Protective Order submitted herewith, at § 6(d). The EVCE Parties believe that this provision in the context of the remainder of the proposed Protective Order provides more than adequate protection for the confidentiality of these materials. The proposed Protective Order requires that any "such expert or consultant shall execute the Undertaking set forth in Paragraph 7." *Id.* The Undertaking binds the signing party to the terms of the proposed Protective Order, including that all documents designated pursuant to the proposed Protective Order "shall be disclosed to no one other than persons qualified under the PROTECTIVE ORDER to have access to such information." *Id*. at pp. 16 "Undertaking".

7. The Wellons Plaintiffs contest this provision because they believe that at least one of EVCE's experts may also be a competitor. Specifically, the Wellons Plaintiffs contest the provision of documents to the EVCE Parties' experts that include design and construction drawings, calculations, models, etc. *See* Motion to Compel, ECF No. 197 (the EVCE Parties have also moved to compel some of the same information). However, these are precisely the documents needed by ay expert to opine on a construction defect case and is central to the EVCE Parties' claims. In reality, the Wellons Plaintiffs have not articulated any specific concerns as to

4

how an expert could use the information in violation of the proposed Protective Order to compete with Wellons or what in the documents might possibly allow said expert to compete. Further, any expert retained by the EVCE Parties must sign the Undertaking required by the proposed Protective Order.

8. Additionally, the Wellons Plaintiffs contest such provision while simultaneously attempting to rely on it. Specifically, on October 3, 2016, the Wellons Plaintiffs sought to designate previously produced documents as AEO pursuant to the proposed Protective Order, despite those documents having been produced without any confidentiality designation. *See* Ex. A. The Wellons Plaintiffs contend that these documents should be designated AEO because they contain "highly confidential and proprietary information of Wellons" *id.*, without any kind of further explanation as to what makes these documents subject to the AEO designation. *Id.* Furthermore, these documents were openly displayed and discussed during multiple depositions and Wellons Plaintiffs did not object to their use or ask that the documents be treated and designated as confidential. *See* Ex. B. Instead, the EVCE Parties and their experts repeatedly looked at and discussed these documents without objection. *Id.*

9. The party seeking the protection has the burden to show good cause by demonstrating "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Sentry Ins. v. Shivers,* 164 F.R.D. 255, 256 (D.Kan. 1996) (quoting *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16 (1981). The Wellons Plaintiffs have not, and cannot, show good cause to prevent the EVCE Parties' experts from using certain engineering drawings and calculations prepared specifically for the EVCE Project. To do so would severely cripple the EVCE Parties ability to prove its design and construction defect, and breach of

contract claims at trial. These documents are critical pieces of evidence in the evaluation of the Wellons Plaintiffs' design and construction of the EVCE Project.

10. The proposed Protective Order adequately protects AEO designated documents. *See A Major Difference, Inc. v. Wellspring Prods., LLC*, 243 F.R.D. 415, 417-18 (D. Colo. 2006) (protective order sufficiently protected against disclosure of highly confidential or trade secret information to competitors where documents designated as AEO could be viewed by attorneys, experts, but not corporate representatives, and any such parties were required to execute an acknowledgement to be bound by the protective order).

11. The entry of the proposed Protective Order will protect and benefit the Parties and the Court, and will facilitate the fair prosecution and defense of this case. Fed. R. Civ. P. 26(c) authorizes the Court to provide protection against public disclosure of confidential or trade secret information, and the provisions of the proposed Protective Order will facilitate the Parties' orderly exchange of discovery information. Accordingly, there is good cause to enter the proposed Protective Order.

For these reasons, the EVCE Parties respectfully request that the proposed Protective Order be entered by the Court.

Respectfully submitted this 15th day of November, 2016.

| | |
|---|---|
| s/*Sarah J. Baker* | s/ *Alexis L. Kirkman* |
| Sarah J. Baker | C. Scott Greene |
| Sarah J. Baker PC | Curtis James Romig |
| PO Box 4551 | Aiten M. McPherson |
| Eagle, CO  81631 | Alexis L. Kirkman |
| Email:  sbaker@sbakerpc.com | BRYAN CAVE, LLP |
| | One Atlantic Center, 14th Floor |
| *Attorneys for Eagle Valley Clean Energy, LLC; Evergreen Clean Energy Corporation; Clearwater Ventures, LLC; Dean L. Rostrom; George Sorenson; Wilcox Revocable Trust U/A 06/27/03; and Sea South, LLC* | 1201 W. Peachtree St., N.W. |
| | Atlanta, GA 30309-3471 |
| | Telephone:     (404) 572-6600 |
| | Facsimile:      (404) 572-6999 |
| | Scott.Greene@bryancave.com |
| | Curtis.Romig@bryancave.com |
| | Aiten.McPherson@bryancave.com |
| | Alexis.Kirkman@bryancave.com |
| | |
| | Attorney for Eagle Valley Clean Energy, LLC; Evergreen Clean Energy Corporation; Kendric B. Wait; Western Resources, LLC; Colorado Forestry Funding; and West Range Forest Products |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of November, 2016, the foregoing **THE EVCE PARTIES' MOTION FOR ENTRY OF PROTECTIVE ORDER** was filed with the Clerk of court using the CM/ECF systems which will serve such filing on the following:

Stephen G. Leatham
HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER
211 E. McLoughlin Blvd., Suite 100
Vancouver, WA 98663
Email: sgl@hpl-law.com
*Attorneys for Wellons, Inc.; Wellons Group, Inc.; and Martin Nye*

Marcy E. Cook
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, CO 80202
Email: marcy.cook@usdoj.gov
*Attorneys for United States of America, Rural Utilities Service*

Brad W. Breslau
Cheri Lynn MacArthur
COZEN O'CONNOR
707 17th Street, Suite 3100
Denver, CO 80202-3400
720-479-3900
Email: bbreslau@cozen.com
Email: cmacarthur@cozen.com

*Attorneys for GCube Insurance Services, Inc.*

Mike Frazier
Joel Richardson
Philip Mark Khalife
Rebecca K, Wagner
CAMPBELL LATIOLAIS & AVERBACH, LLC
825 Logan Street
Denver, CO 80203
Email: mfrazier@cla-law.net;
jrichardson@cla-law.net; pkhalife@cla-law.net; rwagner@cla-law.net
*Attorneys for Wellons, Inc.*

Barry N. Johnson
Ryan B. Braithwaite
Jared L. Inouye
BENNETT TUELLER JOHNSON & DEERE
3165 East Millrock Drive, Suite 500
Salt Lake City, UT 84121
Email: rbraithwaite@btjd.com;
jinouye@btjd.com; bjohnson@btjd.com

*Attorneys for Eagle Valley Clean Energy, LLC; Evergreen Clean Energy Corporation; Clearwater Ventures, LLC; Dean L. Rostrom; George Sorenson; Wilcox Revocable Trust U/A 06/27/03; and Sea South, LLC*

*/s/ Jennifer Pearce*