IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 15-cv-01252-RBJ (consolidated)

WELLONS, INC., an Oregon corporation,

    Plaintiff,

v.

EAGLE VALLEY CLEAN ENERGY, LLC, a Utah limited liability company,
EVERGREEN CLEAN ENERGY CORPORATION, a Colorado corporation,
CLEARWATER VENTURES, LLC, a Utah limited liability company,
DEAN L. ROSTROM, individually,
KENDRIC B. WAIT, individually,
WESTERN RESOURCES, LLC, a Utah limited liability company,
COLORADO FORESTRY FUNDING, LLC, a Delaware limited liability company, and
WEST RANGE FOREST PRODUCTS, LLC, a Colorado limited liability company,

    Defendants.

---

EAGLE VALLEY CLEAN ENERGY, LLC,
EVERGREEN CLEAN ENERGY CORPORATION, and
CLEARWATER VENTURES, LLC,

    Counterclaimants,

v.

WELLONS, INC.,

    Counterclaim defendant.

---

EAGLE VALLEY CLEAN ENERGY, LLC,
EVERGREEN CLEAN ENERGY CORPORATION, and
CLEARWATER VENTURES, LLC,

    Third-party plaintiffs,

v.

WELLONS GROUP, INC., and
MARTIN NYE,

    Third-party defendants.

---

Civil Action No. 15-cv-02055-RBJ

GCUBE INSURANCE SERVICES, INC., a California corporation,

    Plaintiff,

v.

WELLONS, INC., an Oregon corporation,

    Defendant.

---

# ORDER ON ADDITIONAL POST-TRIAL MOTIONS

On June 5, 2017 a jury rendered its verdicts in case no. 15-cv-1252-RBJ, finding in favor of the plaintiff on separate counts of breach of contract against defendants Eagle Valley Clean Energy, LLC and Evergreen Clean Energy Corporation and awarding damages in the amount of $10,840,000. The jury found in favor of the two defendants (and entities related to them) on plaintiff's fraudulent transfer claims. Finally, the jury found against Eagle Valley on its counterclaims for breach of contract and negligence. ECF No. 367. The Court entered its Final Judgment on July 24, 2017. ECF No. 382.

Defendants filed a notice of appeal on August 23, 2017. On September 7, 2017 the Clerk of the Tenth Circuit indicated that the appeal would be abated until the district court disposed of the motion for a new trial. ECF No. 425. On September 29, 2017 the Court denied defendants'

motion for a new trial. ECF No. 455. On October 19, 2017 the plaintiff filed a notice of cross appeal. ECF No. 463. The appeals are pending.

Nevertheless, the parties continue to file motions in this Court. Presently pending are four more post-trial motions, all related to plaintiff's efforts to collect its judgment. Notably, Eagle Valley and Evergreen Clean Energy have not sought or obtained a stay of execution pending appeal. The Court has reviewed the motions, responses and replies (if any), and rules as follows:

**A. ECF No. 536: [Defendant Evergreen's] Motion to Set Aside Amended Order Charging Interests of Evergreen Clean Energy Corporation in a Limited Liability Company Pursuant to C.R.S. § 7-80-703.**

By way of background, the Court denied plaintiff's initial motion for a charging order against Evergreen's membership interests in two LLCs, Western EVCE LLC and Meridian Valley, LLC, because Colo. Rev. Stat. § 7-80-703 does not apply to LLC's not formed under that article. *See* ECF No. 436. Plaintiff filed another similar motion, this time seeking a charging order against Evergreen's membership interest in West Range Reclamation, LLC. ECF No. 530. Evergreen opposed the motion on grounds that it does not hold and has never held a membership interest in West Range Reclamation, LLC. ECF No. 531.

Plaintiff then amended that motion to seek a charging order against Evergreen's membership interest in West Range Forest Products LLC (WRFP). ECF No. 532. No response was filed, and the Court on November 6, 2018 granted the amended motion. ECF No. 535. More than a month later Evergreen filed the pending motion to set aside the latter order. ECF No. 536. Evergreen acknowledges that it used to own an interest in WRFP. However, it states

that it "has not owned an interest in WRFP since January 1, 2014." *Id.* at 1. In support of that statement it provides

- A Purchase and Sale Agreement indicating that Evergreen sold its membership interest in WRFP to Clearwater Ventures LLC for $1.00 and other good and sufficient consideration "as of January 1, 2014." The document signed by Mr. Wait for Evergreen and by his wife Bethani Wait and Laura Rostrom, the wife of defendant Dean Rostrom, for Clearwater. ECF No. 536-1 at 5-6.

- A Statement of Correction filed with the Colorado Secretary of State on April 30, 2015 advising that "As of January 1, 2014 West Range Forest Products LLC is a wholly owned subsidiary of Clearwater Ventures LLC." Signed by Kendric B. Wait, Manager [of Clearwater Ventures LLC]. *Id.* at 8-10.

- Mr. Wait's declaration attesting that Evergreen sold its membership interest in WRFP and is not a member of WRFP; that he caused the April 30, 2015 statement to be filed with the Colorado Secretary of State; and that WRFP is now owned by Trust Holdings, LLC, its sole member. *Id.* at 2-3.

In its response, ECF No. 537, plaintiff provides no contrary evidence. However, plaintiff states that Clearwater and Trust Holdings, LLC, the current owner, are affiliates of Evergreen. Plaintiff notes that, in an exchange of emails between counsel in the fall of 2018, it received two Purchase and Sale Agreements, one indicating that CSE Ventures sold its membership interest in WRFP to Evergreen "as of January 1, 2014," and the other that Evergreen in turn sold its interest to Clearwater "as of" the same date. *See id.* at 1-2 and ECF Nos. 537-1 and 537-2. Plaintiff argues that the transactions should be closely scrutinized, i.e., for backdating, lack of

4

consideration, and possible fraudulent conveyance. ECF No. 537 at ☐13,15, 19-25. Plaintiff requests that the Court allow limited discovery and then hold an evidentiary hearing on these issues. *Id.* at ☐15, 26.

Plaintiff also informs the Court about a Chapter 7 bankruptcy proceeding for one Cody Thomas Neff. Neff created West Range Reclamation, WRFP and CSE Ventures. West Range Reclamation later experienced financial difficulties. In a Complaint filed in Neff's bankruptcy proceeding, ECF No. 537-4, the trustee alleges that Neff depleted the assets of West Range Reclamation and his own personal assets in an effort to defraud creditors, and that his "sale" of CSE's interest in WRFP to Evergreen was part of that effort. However, it does not appear from my review of the trustee's Complaint that he is accusing Evergreen, Clearwater or affiliates of knowingly participating in Neff's alleged efforts to defraud creditors.

In its reply to plaintiff's motion Evergreen first asserts that plaintiff represented to the Court that Evergreen owns an interest in WRFP even though it knew that Evergreen did not. It points to four things: (1) testimony in the Rule 30(b)(6) deposition of WRFP wherein Mr. Wait agreed that after Evergreen purchased Mr. Neff's (CSE Ventures') interest in WRFP, it was "pretty much immediately transferred to Clearwater; (2) a question posed in a 30(b)(6) deposition of Clearwater Ventures which reflected plaintiff counsel's knowledge that in January 2014 Clearwater became the sole member of WRFP; (3) a deposition exhibit in plaintiff's deposition of WRFP deposition that contained an indication that WRFP was owned by Clearwater; and (4) plaintiff's trial exhibit 106-1 which, according to Evergreen, shows that WRFP is owned by Clearwater.[1] Evergreen also argues that plaintiff counsel violated local rule

---
[1] I am not sure how Evergreen draws that conclusion from this complicated chart. It is not evident to me.

5

7.1(d) by including a motion for a "trial" on whether Evergreen's transfer to Clearwater should be voided in a response or reply to a motion. *Id.* at 1-2.[2]

There appears to be no doubt, and I think no dispute, that Evergreen does not own any membership interest in WRFP and has not owned such an interest at least since April 30, 2015, perhaps not since January 2014. So, the dispute boils down to whether the conveyance of the membership interest in WRFP by Evergreen to Clearwater was a fraudulent conveyance.

The problem as I see it, and which neither party has addressed, is that plaintiff asserted a fraudulent conveyance claim against Evergreen and others in its Third Amended Complaint, the operative complaint at the time of trial. ECF No. 139 at 8-10 (Fifth Claim for Relief). Plaintiff had an opportunity to investigate and to obtain discovery relevant to this claim. At trial the jury was broadly instructed, "Wellons claims that the defendants transferred money to insiders or affiliates, and that some or all of the transfers were either intentionally fraudulent or constructively fraudulent entitling Wellons to money damages." ECF No. 365 at 2 (Instruction No. 1). The jury was further broadly instructed,

> If you find that Eagle Valley and/or Evergreen is liable to Wellons for damages, then you must decide whether Eagle Valley and/or Evergreen fraudulently transferred any of its funds to any one or more of the defendants. Wellons contends that Evergreen transferred funds to the parties I will refer to as "*Transferees*": Evergreen, Clearwater, Rostrom, Wait, West Range Forest Products, Western Resources, and Colorado Forestry Funding. Wellons' claims against the Transferees fall into two categories: (i) actual fraud; and (ii) constructive fraud. I will explain each of these in turn.

*Id.* at 17 (Instruction No. 13).

---

[2] Evergreen informs the Court, in the guise of responding to plaintiff's statement that only $40,000 of the $10.84 million judgment has been collected, about settlement offers and efforts it has made and is continuing to make. *Id.* at 2, certainly. The Court encourages the parties to try to settle this matter, and it has several times recommended professional mediation, but it reminds the parties that the Court should not be informed about the substance of their settlement negotiations.

Those terms were then further explained and defined in Instruction Nos. 14-18. *Id.* at 19-24. 18-19. The jury resolved those claims in favor of the defendants. Verdict, ECF No. 367, at 3-4. Plaintiff has not shown, or attempted to show, why considering the resolution of its fraudulent conveyance claim at trial, it should be now be entitled to more discovery and an evidentiary hearing on whether Evergreen's conveyance of its interest in WRFP to Clearwater was a fraudulent conveyance. Accordingly, Evergreen's motion to set aside this Court's amended charging order is granted.

**B. ECF No. 538: [Defendant Evergreen's] Motion for Rule 11 Sanctions re: Plaintiff's Amended Motion for Entry of Charging Order Against Membership Interests of Defendant Evergreen Clean Energy Corporation in a Limited Liability Company Pursuant to C.R.S. § 7-30-703.**

This motion is denied. I agree that plaintiff's amended motion for a charging order was poorly worded. Plaintiff had evidence in hand that Evergreen did not presently have a membership interest in WRFP and should not have suggested otherwise. A candid acknowledgement or error by plaintiff's counsel would have been appreciated and would have increased counsel's credibility.

However, I do not agree that plaintiff lacked a good faith basis for questioning why Evergreen immediately transferred the interest it acquired in WRFP to its closely related entity, Clearwater Ventures, LLC, and later to another affiliated entity, Trust Holdings, LLC. Mr. Wait and Mr. Rostrom have created a web of affiliated entities and have transferred assets among them in a manner that creates reasonable suspicion that something is not right, particularly in light of the facts that Evergreen breached its contractual obligation to complete payment for the

7

biomass plant constructed by the plaintiff (as the jury determined), and that Evergreen neither has sought a stay of execution of this Court's judgment (which would require the posting of a supersedeas bond) nor has it paid the judgment.

I granted Evergreen's motion to vacate the amended charging order because plaintiff had not explained how it had the legal right now during collection proceedings to pursue discovery and a hearing on a theory of fraudulent conveyance in light of the instructions given to the jury and the jury's rejection of plaintiff's fraudulent conveyance claim as presented to it at trial, not because I necessarily questioned whether plaintiff had reasonable grounds for concern.

In addition, Mr. Inouye's declaration notwithstanding, I find no evidence that he conferred with plaintiff's counsel as required by local rule 7.1(a). It should have been evident to him and to all counsel by now that the Court takes that rule seriously, and that exchanging emails is not conferring. I am referring now not to the conclusory statement of compliance on page 2 of ECF No. 538 but to the emails in ECF No. 537-1. Pick up the phone and talk to one another as professionals!

**C. ECF No. 552: [Plaintiff's] Renewed Motion for Order Directing Garnishee to Deposit Funds Into the Registry of the Court.**

Denied. Good for the goose, good for the gander. Improper conferral (by email). Again, counsel is wasting their client's money and the Court's time by not following simple directions provided in the local rule and by the Court.

**ECF No. 553: [Defendant Eagle Valley's] Motion to Quash Wellons' Writ of Garnishment to the Town of Gypsum.**

Denied as moot. However, the Court notes that the motion only requests that the money be paid into the registry of the Court, thus relieving the Town of being caught in the middle of a two or three-way fight among others. The motion does not request a determination of which contestant ultimately is entitled to the money.

## ORDER

1. ECF No. 536 is GRANTED.
2. ECF No. 538 is DENIED.
3. ECF No. 552 is DENIED.
4. ECF No. 553 is DENIED AS MOOT

DATED this 18th day of April, 2019.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge